UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 11-24437-Civ-SEITZ
(06-20253-Cr-GOLD)
MAGISTRATE JUDGE P. A. WHITE

LUIS BARRIOS,                    :

    Petitioner,              :

v.                               :         REPORT OF
                                   MAGISTRATE JUDGE
UNITED STATES OF AMERICA,        :

    Respondent.              :
_____

## Introduction

On November 30, 2011,[1] while confined at the McRae Correctional Institution, in McRae, Georgia, Luis Barrios, a convicted felon, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §§2241-43 challenging the execution of his sentence by the Bureau of Prisons ("BOP").[2]

The petitioner claims that he is unlawfully being denied credit toward his federal sentence by the BOP, and therefore, he is entitled to time served credits, for time he spent in state custody. The petitioner seeks relief in the form of an order from this Court, requiring the BOP to recalculate his projected release date on his federal sentences.

This Cause has been referred to the undersigned for

---

[1] See: Adams v. U.S., 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

[2] To the extent petitioner argues trial court err regarding the imposition of his sentence, this claim is best suited for a motion pursuant to 28 U.S.C. §2255.

consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition with supporting memorandum (DE#1), the Court has the respondent's response (DE#8) to this court's order to show cause.

## Procedural History

Review of the underlying criminal case reveals that petitioner from March 11, 2005 through February 2, 2006, along with co-conspirators Lazaro Delgado and Luis Santiago, conspired with one another and with other co-conspirators to steal checks from the United States mail in order to execute a scheme to obtain money or funds from federally insured financial institutions. (Cr-DE#11;Cr-DE#117:12-14). In doing so, they chemically erased the writing on the stolen checks so as to leave them free of all markings other than those preprinted markings by the issuing banks. (Id.). Moreover, they falsified the checks by writing in a false payee and an amount of money to be drawn from the account. (Id.). Likewise, they negotiated the falsified checks and obtained money, as planned, from the financial institutions. (Id.).

In total, the relevant amount of actual, probable or intended loss resulting from the offense committed in the underlying criminal case was $150,077.60. (Cr-DE#84:4). Likewise, the number of victims involved was 250. (Id.).

Thereafter, on April 27, 2006, petitioner was indicted by a federal grand jury with conspiracy to knowingly receive, conceal, and possess checks that had been stolen from the United States

mail, knowing said checks to have been stolen, taken and abstracted, in violation of 18 U.S.C. §1708 and to knowingly execute a scheme or artifice to obtain monies, funds and assets under the custody and control of federally-insured financial institutions, by means of false and fraudulent pretenses, representations and promises, in violation of 18 U.S.C. §1344 (Count 1) and knowingly and willfully devised and executed a scheme or artifice to obtain money owed by and under the custody and control of the financial institutions specified as to each count by means of false and fraudulent pretenses, representations, and promises, in that the defendant cashed altered and fraudulent personal checks drawn on the accounts of others, all in violation of 18 U.S.C. §§1344 and 2. (Cr-DE#11).

Petitioner remained a fugitive until he was arrested in Putnam County, Florida and charged with organized fraud, in Florida Circuit Court Case Number 05-485CF53 on August 2, 2006.[3] (See DE#35). Putnam County indicted him on August 11, 2006.[4] Thereafter, on August 7, 2006, Putnam County turned the defendant over to the U.S. Marshal based on a writ to execute the outstanding arrest warrant in the underlying criminal case. (Cr-DEs#38,39,40,50,160). Accordingly, petitioner was still considered to be under the primary custody of the State of Florida. (See id.).

Thereafter, on November 28, 2006, petitioner pleaded guilty to Count 1 of the federal indictment. (Cr-DE#84). On February 9, 2007, petitioner was subsequently sentenced to 60 months imprisonment, followed by three years of supervised release and $124,943.96 in restitution. (Cr-DEs#93,95).

---

[3]The Court takes judicial notice of information available at the database maintained by Putnam County Clerk of Court, http://www.putnam-fl.com/coc/, in Barrios v. State, Case No. 05-485CF53. See Fed.R.Evid. 201.

[4]Id.

3

Following imposition of his federal sentence, petitioner, on August 2, 2007, pleaded nolo contendere in his state case and was sentenced to three years in prison "concurrent with any active sentence."[5] Moreover, in his state sentence, he was given credit for the time he served in federal custody up to that time; to wit: 365 days.[6] With the credit, petitioner was released from state custody on March 2, 2009, whereby he was returned to the custody of the United States Marshals to begin serving his federal sentence. (Cr-DE#160).

The petitioner claims that he is entitled to three years of time credited to him as he serves his five year federal sentence, which the BOP has failed to give him, for time he spent in state custody. The petitioner seeks relief in the form of an order from this Court, requiring the BOP to recalculate his projected release date on his federal sentences.

It is unclear from the respondent's answer (DE#8), whether the petitioner has exhausted his administrative remedies. Exhaustion is normally required prior to seeking federal habeas corpus review. See Gonzalez v. United States, 959 F.2d 211 (11th Cir. 1992); United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990); United States v. Flanagan, 868 F.2d 1554, 1556 (11th Cir. 1989); United States v. Mathis, 689 F.2d 1364 (11th Cir. 1982). It is well-established that the "Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether the defendant should receive any credit for any time spent in custody." United States v. Montez-Gaviria, 163 F.3d 697, 700-01 (2d Cir. 1998); United States v. Martinez, 837 F.2d 861, 865-66 (9th Cir. 1988). However, the issue needed not be decided here as the

---

[5] Id.

[6] Id.

4

petitioner is entitled to no relief on the claim presented herein.

## Discussion

The petitioner maintains that the BOP failed to apply credit for the time he spent in state custody, and therefore requests that the credit be applied towards his federal offense. He asserts that because the state court ordered its sentence to be "concurrent with any active sentence," this Court is bound by that pronouncement and is thus prohibited from imposing a consecutive federal sentence.

While the petitioner is entitled to pursue relief in this Court by way of petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, he is not entitled to the relief he seeks. In order for this Court to address the petitioner's claim that he is entitled to additional time credit it is necessary to review 18 U.S.C. §3585, entitled "Calculation of a Term of Imprisonment." Section 3585 determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. It provides in pertinent part as follows:

> (a) **Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) **Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. §3585 (emphasis added).

Interpreting 18 U.S.C. §3585(b), the Supreme Court held that the Attorney General through the Bureau of Prisons, and not the district courts, is authorized to compute sentence credit awards after sentencing. United States v. Wilson, 503 U.S. 329, 333-35 (1992). See also United States v. Lucas, 898 F.2d 1554, 1555-56 (11th Cir. 1990)(concluding from the legislative history for section 3585(b) that Congress intended for the Attorney General to have initial discretion to credit a defendant's time in custody prior to sentencing and that this determination has been delegated to the BOP pursuant to 28 C.F.R. §0.96). The Bureau of Prison's view of §3585(b) regarding the calculation of inmate sentences and granting of prior custody credit can be found in U.S. Dept. of Justice, Bureau of Prisons Program Statement No. 5880.28,[7] Sentence Computation Manual (CCCA of 1984) (Sept. 20, 1999), which states in pertinent part that: "[C]redit will not be given for any portion of [pre-federal sentence] time spent serving another sentence regardless of whether the sentence is federal, state or foreign."

Under the last quoted phrase of 18 U.S.C. §3585(b), a defendant has no right to credit on his federal sentence for time that has been credited against a prior sentence. In other words, §3585(b) has been interpreted to disallow double crediting. See Vaccaro v. Andrews, 116 Fed.Appx. 780, 781 (9th Cir. 2004)(holding that habeas corpus petitioner's due process rights were not violated when his sentence was calculated from the date of sentencing, instead of from the date of incarceration, where time spent incarcerated prior to sentencing had already been credited

---

[7]The Bureau's program statements are available on the Internet. U.S. Department of Justice, Federal Bureau of Prisons/Freedom of Information Act/Policy/Bureau Program Statements (policies), available at http://www.bop.gov. See also DE#17:Ex.B-Program Statement 5880.28.

towards petitioner's sentence for violating parole), citing, Allen v. Crabtree, 153 F.3d 1030, 1033 (9th Cir.1998)(recognizing that 18 U.S.C. §3585(b) prohibits double crediting); United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998)(holding that pursuant to §3585(b), a defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence).

As correctly argued by the respondent, the petitioner is not entitled to habeas corpus relief, because he is improperly attempting to obtain double credit. However, he is not entitled to double credit. Rios v. Wiley, 201 F.3d 257, 273 (3d Cir. 2000); Galloway v. Fisher, 2008 WL 4057803 (N.D.Fla. 2008).

It is thus apparent from the applicable statute and pertinent caselaw that the petitioner is not entitled to the relief requested as credit for the time he spent in state custody, because he had already received credit for that time period in a state sentence. To again receive credit towards his federal sentence would amount to double crediting, which is expressly prohibited by the applicable statute and caselaw. Thus, the Bureau of Prisons' correctly computed the petitioner's sentence.

## Conclusion

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 5th day of June, 2012.

7

_____
UNITED STATES MAGISTRATE JUDGE

cc: Luis Barrios, <u>Pro Se</u>
    Reg. No. 21065-018
    McRae Correctional Institution
    P.O. Drawer 30
    McRae, GA 31055

    Amanda Perwin, AUSA
    U.S. Attorney's Office
    99 NE 4th Street
    Miami, FL 33132