UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-24437-CIV-SEITZ/WHITE

LUIS BARRIOS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION, DENYING HABEAS PETITION, AND DENYING CERTIFICATE OF APPEALABILITY

THIS MATTER is before the Court on Petitioner's Objections [DE 10] to the Report and Recommendation [DE 9] of the Honorable Patrick A. White, United States Magistrate Judge recommending that the Court deny Petitioner Luis Barrios' Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §§ 2241-43 ("Habeas Petition"). The Court has carefully reviewed, *de novo*, Judge White's Report and Recommendation ("R&R"), the objections thereto, and the record, and finds that Judge White's factual findings are not clearly erroneous and his legal conclusions are consistent with the proper application of the law to those facts. Thus, the Court will adopt the R&R and overrule Petitioner's objections, which are a reiteration of his habeas claims. However, the Court writes separately to address an issue raised in Petitioner's Habeas Petition that is not directly analyzed in the R&R. Specifically, the R&R discusses Petitioner's contention that although he was given one year of credit toward his state sentence for time he spent in federal custody prior to imposition of the state sentence, Petitioner argues that he should receive that one year credited back

1

toward his federal sentence. Judge White correctly rejects this argument as improper double crediting. However, in addition to the assertion concerning the one year, Petitioner also argues that he should have the balance of the time he spent serving his state sentence, beyond the one year, credited toward his federal sentence because the state court judge ordered that his state sentence run concurrently with any other active sentence. As discussed below, Eleventh Circuit precedent forecloses Petitioner's contention.

## I. BACKGROUND

Petitioner was indicted by a federal grand jury on April 27, 2006 for violations of 18 U.S.C. § 1708 and 18 U.S.C. § 1344. Petitioner was a fugitive until August 2, 2006 when he was arrested in Putnam County, Florida and indicted there for organized fraud. On August 7, 2006, Putnam County turned Petitioner over to the U.S. Marshal pursuant to a writ of habeas corpus ad prosequendum. On November 28, 2006, Petitioner pled guilty in federal court to conspiracy to commit mail theft and bank fraud. On February 9, 2007, the Honorable Alan Gold, U.S. District Judge, sentenced Petitioner to sixty (60) months imprisonment, three years supervised release, and $124,943.96 in restitution. Following imposition of his federal sentence, on August 2, 2007, Petitioner pled nolo contendere in state court to organized fraud and was sentenced to three years in state prison to run "concurrent with any active sentence." Petitioner was given one year of credit toward his state sentence for time he had already served in federal custody prior to the imposition of the state sentence. After serving his state sentence, Petitioner was released from state custody on March 2, 2009 and returned to the U.S. Marshal to begin serving his federal sentence. Petitioner maintains that because the state court ordered his state sentence to be served "concurrent with any active sentence," he is entitled to have the three years he served in state custody credited toward his

sixty (60) month federal sentence.

## II. DISCUSSION

Relying on 18 U.S.C. 3585,[1] Judge White recommends denial of Petitioner's claims because Petitioner is not entitled to have the time credited toward his federal sentenced that was already credited toward his state sentence. Judge White appears to be referring to the one year of time that Petitioner spent in federal custody, before imposition of his state sentence that was, in fact, credited toward Petitioner's state sentence. Thus, the Court agrees with Judge White's recommendation and adopts it in accord with *United States v. Wilson*, 503 U.S. 329, 337 (1992) (Congress made clear that defendant could not receive double credit for his detention time").

As to Petitioner's additional contention that the balance of the time he spent serving his state sentence, beyond the one year he was in federal custody prior to imposition of his state sentence, should be credited toward his federal sentence, the Court will overrule this objection and deny the requested relief. Although the state court judge ordered that Petitioner's state sentence run "concurrent with any active sentence," Petitioner is not entitled to have any of the time he spent

---

[1] 18 U.S.C. § 3585 provides that:

(a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
(1) as a result of the offense for which the sentence was imposed; or
(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

serving his state sentence credited against his federal sentence because Petitioner's federal sentence runs consecutively with his state sentence and principles of dual sovereignty do not permit the state court to reduce Petitioner's federal sentence.

Petitioner was sentenced in federal court before a sentence was imposed on him in state court, but did not begin to serve his federal sentence until he was released from state prison on March 2, 2009. In the federal case, the judgment states that Petitioner be imprisoned for a term of sixty (60) months and is silent as to whether the federal sentence will run consecutively or concurrently with any other sentences. Because the federal judgment does not state that the sentence runs concurrently, it runs consecutively. *See* 18 U.S.C. § 3584(a); *United States v. Ballard*, 6 F.3d 1502, 1505-06 (11th Cir. 1993). In *Ballard*, 6 F.3d 1502 (11th Cir. 1993), the Eleventh Circuit addressed the issue of whether a district court can make a federal sentence consecutive to a state sentence *not yet imposed for pending state charges*. The Court answered the question in the affirmative noting that "if we have authorized the district court to disregard a state sentence that attempts to bind the federal sentencing court, then clearly the district court need not concern itself about a state sentence not yet imposed, from a dual sovereignty perspective." *Id.* at 1509. Thus, although the state court sentence, which was imposed after the federal sentence, states that it runs "concurrent with any active sentence," a reduction of Petitioner's federal sentence to reflect time served on the state sentence would change the federal sentence in a manner inconsistent with the principles of dual sovereignty and *Ballard*. As such, Petitioner is not entitled to have his federal sentence reduced by the time he served on the state sentence.

### III. CERTIFICATE OF APPEALABILITY

The Court will deny issuance of a certificate of appealability as to the claims denied in this

Order. In order to obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied if Petitioner demonstrates "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Jones v. Secretary*, 607 F.3d 1346, 1349 (11th Cir. 2010) (quotation omitted); *see Lott v. Attorney Gen.*, 594 F.3d 1296, 1301 (11th Cir. 2010). Here, the Court must deny the certificate of appealability as Petitioner has not met this standard.

## IV. CONCLUSION

For the reasons set forth above, it is

ORDERED THAT

(1) Petitioner's Objections [DE 10] are OVERRULED.

(2) Judge White's Report and Recommendation [DE 9] is AFFIRMED and ADOPTED.

(3) The Habeas Petition is DENIED. [DE 1].

(4) This case is CLOSED.

DONE and ORDERED in Miami, Florida, this 26 day of June, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:  Honorable Patrick A. White
     Counsel of Record
     *Pro Se* Petitioner